UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              **Hon. Hugh B. Scott**

              v.

                              07CR304S

                              **Order**

CARL A. LARSON, et al.,

            Defendants.
_____

Before the Court are defendants' separate omnibus motions[1] which seek various forms of discovery and other relief. In particular, defendants moved for production of Brady material; production of discovery; production of Federal Rule of Evidence 404(b) materials; production of Jencks Act materials; search of agents' personnel files; preservation of evidence; production of Federal Rule of Evidence 807 residual evidence; notice, pursuant to Federal Rule of Criminal Procedure 12(b)(3), of the Government's intention to use evidence that defense is entitled to under Federal Rule of Criminal Procedure 16 (Docket No. 65, Dewald Atty. Aff. ¶ 51), reserving the right to file a motion to suppress statements (id. ¶ 55), as well as to suppress evidence (id. ¶ 51); request an audibility hearing; and disclosure of witness statements and grand jury

---

[1]Docket Nos. 61, 67 (Freedenberg), 66 (Lennon), 65 (Dewald), 80 (Eddy), 70 (Peterson), 73 (Kirsch), 74 (Caggiano), 75 (Bove, Docket No. 76, supporting memorandum), 77 (Larson), 78 (Minter), 84 (Franz), and 81 (Edbauer). Some defendants attempted to file motions but these were rejected for ECF grounds, see Docket Nos. 68 (Eddy), 71 (Kirsch).
    In response to these motions, the Government filed a consolidated omnibus response, Docket No. 85, as well as individual responses, Docket No. 63, to Freedenberg.
    A few defendants filed replies, Docket Nos. 86 (Peterson), 89 (Bove). Kirsch in oral argument referenced several cases which were separately submitted to Chambers.

testimony. Some defendants moved to join in the motions of other defendants. Defendants also sought severance of their case from the main prosecution; the right to conduct voir dire of the Government's experts or hold a hearing on the experts. The Court separately will consider these defendants motions for individual bills of particulars (Docket No. 90). The Government also moves for reciprocal discovery (Docket No. 85, Gov't Omnibus Response at 74-75).

The Government has filed responding papers (Docket No. 85) and oral argument was heard on December 2, 2008 (text entry, Dec. 2, 2008), and the motions were deemed submitted on that day.

## BACKGROUND

This is a racketeering conspiracy, Hobbs Act conspiracy, racketeering forfeiture, and aiding and abetting prosecution involving International Union of Operating Engineers, Local 17, AFL-CIO (hereinafter " Local No. 17") (Docket No. 4, Superseding Indict.). In the Superseding Indictment, the Government alleges that Local No. 17 functioned as a criminal enterprise from about January 1997 to December 2007 (id. ¶ 1).

Defendants Dewald (Docket No. 65), Eddy (Docket No. 80), Larson (Docket No. 77), and Kirsch (Docket No. 73) each seek most of the forms of relief, with most of the remaining defendants joining in these motions. For purposes of simplicity, the motions will be deemed to be made by all defendants, although each individual defendant may request slightly different relief, and will be discussed by the particular moving defendant or typical moving defendant.

DISCUSSION

I.   Discovery

Defendants[2] seek various items of pretrial discovery.  Although there is no general constitutional right to pretrial discovery in a federal criminal case, a defendant does have a pretrial discovery right with respect to certain matters. For example, under the Fifth Amendment's due process clause, a defendant is entitled to specific exculpatory evidence which is material either to guilt or punishment.  In addition, the Government has certain disclosure obligations under Rule 16 of the Federal Rules of Criminal Procedure and the Jencks Act, 18 U.S.C. § 3500.

   A.   Statements

Pursuant to Rule 16(a)(1)(A) the defendants seek any written or oral statements made by the defendants which are within the possession custody or control of the Government, or which through the exercise of due diligence, may become known to the Government (e.g., Docket No. 73, Kirsch Atty. Affirm. ¶ 39).  In particular, Eddy seeks disclosure of Grand Jury testimony (Docket No. 80, at 22).

Defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs grand jury secrecy, Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 400 (1959).  There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury produced for use on his cross-examination at

---

[2]Dewald, Docket No. 65, Atty. Aff. ¶¶ 14-25, 29-38, 40; Eddy, Docket No. 80, at 19-20, 24-25, 27-28; Bove, Docket No. 75, Sched. 2, Discovery; Atty. Affirm. ¶ 11; Docket No. 89, Bove Reply at 10-16; Kirsch, Docket No. 73, Atty. Affirm. ¶¶ 2, 33-38, 39-42, 46-48, 49-52, 57-58; and Larson, Docket No. 77, Atty. Affirm. ¶¶ 10-30.

trial. Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)). The burden is upon defendant to show a particularized need exists that outweighs the policy of grand jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958).

As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendant here has not made a showing of particularized need, but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need). Merely stating the desire to make a vigorous defense in general does not show a particular need for a given portion of the grand jury testimony (such as specify which witness's testimony is necessary for that vigorous defense) or show whether that grand jury testimony is needed for impeachment, refreshing recollection or testing credibility.

Defendants' motions on this ground are **denied**.

Rule 16(a)(1)(A) provides that, upon request, the Government must disclose any written or recorded statements made by a defendant, before or after arrest, in response to interrogation by any person known to the defendant to be a Government agent; and recorded testimony of the defendant before the grand jury which relates to the offense charged.[3] Failure of the Government to disclose a defendant's statements to a Government agent may rise to the level of constitutional due process violation, Clewis v. Texas 386 U.S. 707 (1967).

---

[3]Rule 16 (a)(2) expressly provides that subdivision (a)(1) does not authorize disclosure of statements made by Government witnesses or prospective Government witnesses except as provided in 18 U.S.C. § 3500, the Jencks Act.

In this case, the Government has represented that it believes that it has already disclosed all statements made by the defendants. To the extent that the Government has not yet done so, pursuant to Rule 16 (a)(1)(A) the Government is hereby directed to produce all such statements made by the defendants.

B.   Statements of Co-Conspirators.

Defendants[4] have also requested production of all statements of any co-conspirator, whether charged or uncharged. This request is **denied**. It is well established that the statements of co-conspirators are not discoverable under Rule 16(a). In re United States, 834 F.2d 283, 286 (2d. Cir. 1987); United States v. Percevault, 490 F.2d. 126 (2d Cir. 1974); United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992). The Jencks Act provides the exclusive procedure for discovering statements that Government witnesses have given to law enforcement agencies. United States v. Covello, 410 F.2d 536, 543 (2d. Cir.), cert. denied 396 U.S. 879 (1969).

C.   Documents and Tangible Objects

Pursuant to Rule 16(a)(1)(C), defendants also seek production of various documents, books, records, photographs, and other tangible objects in the possession, custody or control of the Government. Defendants identify several specific categories of items which they seek to be produced (e.g., Docket No. 65, Dewald Atty. Aff. ¶¶ 32-33, 35).

The Government's response to these specific requests is that it fully complied with its obligations in voluntary discovery (Docket No. 85, Gov't Response at 20-21, see also id. at 7-8, 21 n.8, discussing scope of Government's production in voluntary discovery).

---

[4] Larson, Docket No. 77, Atty. Affirm. ¶¶ 12, 15, 18; Bove, Docket No. 75, Sched. 2, Discovery ¶ 4; Dewald, Docket No. 65, Atty. Aff. ¶¶ 29-31.

D.  Examinations and Test Reports

Pursuant to Rule 16(a)(1)(D), the defendants have requested the production of the results of any physical or mental examinations or scientific tests, (e.g., Docket No. 65, Dewald Atty. Aff. ¶ 38). The Government has responded ☐that it will disclose all materials discoverable under Rule 16(a)(1)(F) that are in its possession, that the Government is acquiring scientific information in the form of fingerprint and DNA evidence (Docket No. 85, Gov't Response at 26). The Court assumes that the Government's production has satisfied the defendants' request in this regard.

E.  Hearsay Evidence

Defendants[5] seek disclosure of any hearsay evidence intended to be introduced by the Government at trial. The Government urges that these demands be denied (Docket No. 85, Gov't Response at 65).

There is no legal or factual basis requiring disclosure of such material in this case. See United States v. Green, 144 F.R.D. 631, 638 (W.D.N.Y. 1992) (Heckman, Mag. J.). Thus, this request is **denied**.

Dewald also seeks disclosure of Federal Rule of Evidence 807 residual statements (Docket No. 65, Def. Atty. Aff. ¶ 50), while Larson seeks advance disclosure of hearsay statements thought to fall within Federal Rule of Evidence 803(24) (Docket No. 77, Atty. Affirm. ¶ 17), but now are under Rule 807. The Government reports that it does not have any evidence it intends to offer under Rule 807 and, if such evidence is determined to fall under that rule, the

---

[5]Larson, Docket No. 77, Atty. Affirm. ¶ 14; Bove, Docket No. 75, Sched. 2, Discovery ¶ 3.

Government intends to comply with Rule 807 (Docket No. 85, Gov't Response at 46-47, 65). This response **is sufficient** at this time.

    F.        Disclosure of Expert Materials

Pursuant to Rule 16(a)(1)(E), defendants seek a written summary of any expert testimony that the Government intends to use in its direct case, along with the expert's qualifications, and the basis for the expert's opinion, whether or not the expert files a report. The Government indicates that it intends to comply with rules once it offers expert testimony (Docket No. 85, Gov't Response at 26). This response **also is sufficient** at this time.

    G.        Identity of Informants

Dewald seeks the pre-trial disclosure of the identity of any informants in this case (Docket No. 65, Def. Atty. Aff. ¶ 14). He also seeks the identity and location of prospective Government witnesses (id. ¶¶ 24-25). The Government is not required to furnish the identities of informants unless it is essential to the defense. Roviaro v. United States, 353 U.S. 52, 60-61 (1957); United States v. Saa, 859 F.2d 1067, 1073 (2d Cir.) cert. denied 489 U.S. 1089 (1988). Nor does Rule 16 require the Government to disclose the names of witnesses prior to trial. United States v. Bejasa, 904 F.2d 137, 139 (2d Cir.), cert. denied, 498 U.S. 921 (1990). Moreover, the Government has stated that it believes that disclosure of the informant's identification would subject the informant to personal danger from retribution by the defendant and others.

Defendants have not established that the pre-trial disclosure of the identities of any informants is essential to his defense. This request is **denied**.

7

H.     Identification

Dewald (Docket No. 65, Def. Atty. Aff. ¶ 36) and Kirsch (Docket No. 73, Def. Atty. Affirm. ¶¶ 46-48) seek disclosure of any visual or audio identification procedures utilized in this case. The Government has and will disclose information regarding pretrial information, including photographs and videotapes (Docket No. 85, Gov't Response at 30).

This response **is sufficient**.

I.     Eavesdropping Materials

Kirsch, for example, seeks production of materials relating to Title III or other Court-ordered eavesdropping (Docket No. 73, Def. Atty. Affirm. ¶¶ 49-52). The Government denies conducting Title III surveillance, but has or will produce audio and video recordings (Docket No. 85, Gov't Response at 29).

J.     Audio and Video Recordings

Kirsch seeks details surrounding recording of certain CDs and DVDs produced by the Government due to difficulties replaying the recordings provided in voluntary discovery (Docket No. 73, Def. Atty. Affirm. ¶¶ 2, 33-38). The Government argues that Kirsch misconstrues Rule 16 and the Government's production obligations. The Government will not format the recordings Kirsch seeks to his specifications. (Docket No. 85, Gov't Response at 66-67.) Going beyond its Rule 16 obligations, however, the Government offered to produce tapes in MPG or VOB formats that may be played on a DVD player (rather than on a computer) but has not had word from Kirsch (or other defense counsel) regarding this offer (id. at 69). The Government also notes that the original video recordings were made available, hence Kirsch could compare his copies with that original for sound quality (id. at 69-70).

The Government's offer to supply an additional copy of the video recording in MPG or VOB formats, coupled with availability of the original recordings, should suffice to meet Kirsch's concerns.

II.     Brady Material

Defendants[6] have requested that the Government disclose all materials potentially favorable to the defendant, including information to be used for the impeachment of the Government's witnesses, as required under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny. Brady material, as those cases have come to define it, includes all evidence which may be favorable to the defendant and material to the issue of guilt or punishment. Such evidence includes "[a]ny and all records and/or information which might be helpful or useful to the defense in impeaching . . . [and] [a]ny and all records and information revealing prior misconduct . . . attributed to the [Government's] witness." United States v. Kiszewski, 877 F.2d 210 (2d Cir. 1989).

The defense motions identify numerous specific categories of documents encompassing both exculpatory and impeachment Brady materials which they seek to obtain. The Government's written global response is that it is aware of its obligations and its continuing duty to disclose, but some defense requests under this heading exceed Brady (Docket No. 85, Gov't Response at 476-48).

This Court believes that fundamental fairness and the constitutional due process requirements which underlie Brady mandate that the court have some discretion with respect to

---

[6]Dewald, Docket No. 65, Atty. Aff. ¶¶ 5-8, 9-13; Eddy, Docket No. 80, at 28-37; Kirsch, Docket No. 73, Atty. Affirm. ¶¶ 59-60; Larson, Docket No. 77, Atty. Affirm. ¶¶ 52-61, Giglio Materials, joined by others.

the timing of the disclosure of such information, even if it may be considered combined Brady/Jencks material. Indeed, even with respect to purely Jencks Act materials, the Second Circuit has stated that "pre-trial disclosure will redound to the benefit of all parties, counsel and the court, . . . sound trial management would seem to dictate that Jencks Act material should be submitted prior to trial . . . so that those abhorrent lengthy pauses at trial to examine documents can be avoided." United States v. Percevault, 490 F.2d 126 (2d Cir. 1974); Green, supra, 144 F.R.D. 631.

Balancing all of the above, the Court concludes that disclosure of such impeachment material, if any exists, in accordance with the common practice in this district (prior to trial so long as it is disclosed in sufficient time for the defendant to have a fair opportunity to utilize the information at trial) is sufficient in this case.

III.    Rule 404 Evidence

Defendants Dewald (Docket No. 65, Def. Atty. Aff. ¶¶ 26-28) and Kirsch (Docket No. 73, Def. Atty. Affirm. ¶¶ 43-45[7]) request disclosure of all evidence of prior bad acts that the Government intends to use in its case-in-chief, pursuant to Federal Rule of Evidence 404(b).

Rule 404 requires that the defendant be given "reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to use at trial." The Government has represented that it will provide all such material to defendants and furnish notice of its intentions regarding use of such evidence at the time set by the District Judge. The Government, in particular, intends to use all prior

---

[7] See also Lawson, Docket No. 77, Atty. Affirm. ¶ 51; Eddy, Docket No. 80, Motion at 37-38.

criminal conduct and acts evidence, and will furnish a more definitive notice two weeks before trial. (Docket No. 85, Gov't Response at 45, 46.) This is sufficient in this case.

IV.     Preservation of Evidence

Defendants Dewald (Docket No. 65, Def. Atty. Aff. ¶¶ 46-49), Eddy (Docket No. 80, Motion at 25, 38), and Kirsch (Docket No. 73, Def. Atty. Affirm. ¶¶ 53-54) have also requested preservation of rough notes and other evidence taken by law enforcement agents involved, see United States v. Gullo, 672 F. Supp. 99, 105 (W.D.N.Y. 1987) (Elfvin, J.). The Government has agreed to preserve rough notes, although they are not discoverable even as Jencks Act material, see United States v. Koskerides, 877 F.2d 1129, 1133 (2d Cir. 1989) (Docket No. 85, Gov't Response at 42-43). This is sufficient.

V.      Audibility

Dewald seeks a hearing on the audibility of any tape recordings it intends to use at trial (Docket No. 65, Def. Atty. Aff. ¶¶ 52-54). The Government does not oppose this request, but Dewald bears the initial burden of identifying those recordings or portions thereof that he deems are inaudible, see United States v. Mullen, 243 F.R.D. 54, 76 (W.D.N.Y. 2006) (Foschio, Mag. J.) (see Docket No. 85, Gov't Response at 71). If, after having an opportunity to listen to any such recordings, the defense counsel believes an audibility hearing is warranted, such a hearing will be scheduled by the District Judge.

VI.     Disclosure of Jencks Material

Dewald (Docket No. 65, Def. Atty. Aff. ¶ 35), Kirsch (Docket No. 73, Def. Atty. Affirm. ¶ 61), Eddy (Docket No. 80, Motion at 24-25), and Larson (Docket No. 77, Def. Atty. Affirm. ¶¶ 62-66) seek immediate disclosure of material subject to the Jencks Act, 18 U.S.C. § 3500.

The Jencks Act governs the disclosure of information and statements relating to the Government's witnesses. Generally, according to the Jencks Act, the Government need not disclose such information regarding its witnesses until <u>after</u> the witness has testified at trial. In this case, the Government opposes immediate disclosure (or even production of statements prior to completion of a witness's testimony where the witness may be expose to retaliation or personal danger to the witness or their family) but has agreed to disclose this information not less than forty-eight hours prior to trial (Docket No. 85, Gov't Response at 49-50, 50), as suggested by Larson (<u>see</u> Docket No. 77, Def. Atty. Affirm. ¶ 62). Defendants have not established that prior disclosure of Jencks material any earlier than this is essential to the preparation of a defense in this case.

VII.   Search of Agents' Personnel Files

Dewald next seeks the Government to search the personnel files and records of federal and local law enforcement agents' and police witnesses' personnel files for <u>Brady</u> and <u>Giglio</u> material and either disclose to defense or submit to the Court for <u>in camera</u> review (Docket No. 65, Def. Atty. Aff. ¶¶ 42-45[8]). The Government states that it is aware of its obligations to disclose impeachment materials and that review of personnel files for such material, if it exists. The Government has no objection to disclosing such material "in the appropriate situation" or submit it for <u>in camera</u> inspection. (Docket No. 85, Gov't Response at 35.) The Government is directed to review these files to determine if <u>Brady</u> or Jencks material is present. Any responsive information, if any, should be treated as <u>Brady</u> or Jencks material (as appropriate) and disclosed accordingly.

---

[8]<u>See also</u> Freedenberg letter at 3, cited in Docket No. 85, Gov't Response at 35.

VIII.   Obtaining Evidence Regarding Suppression

Dewald next moves for the Government to provide notice, pursuant to Federal Rule of Criminal Procedure 12(b)(3), of the Government's intention to use evidence that the defense is entitled to under Federal Rule of Criminal Procedure 16 (Docket No. 65, Dewald Atty. Aff. ¶ 51), reserving the right to file a motion to suppress statements (id. ¶ 55), as well as to suppress evidence (id. ¶ 51).  Aside from its general notice of its intention to use evidence, the Government does not address this particular request.

IX.   Severance, Voir Dire of Experts

Eddy moves for severance from the other defendants (Docket No. 80, at 5-8), for voir dire of the Government's experts and a hearing on those experts (id. at 23-24), and active participation in petit jury voir dire (id. at 28).  The Government opposes severance as the offenses charged are RICO and Hobbs Act conspiracies (Docket No. 85, Gov't Response at 51, 51-57).

As noted by the Government regarding counsel participation in jury selection voir dire (see id. at 72), these motions are addressed to the District Judge conducting the trial of this case and will not be considered now.

X.   The Government's Reciprocal Discovery Motion

Finally, the Government cross moves for reciprocal discovery from defendants (Docket No. 85, Gov't Response at 74-75).  Under Rule 16, the Government is entitled to production of documents in defendants' possession that they intend to use in their respective case-in-chief. Defendants are reminded of their obligations under Rule 16 to produce, therefore, the Government's cross-motion is **granted**.

CONCLUSION

For the reasons stated above, defendants several omnibus motions seeking various forms of discovery (Docket Nos. 61, 67, 66, 65, 80, 70, 73, 74, 75, 77, 78, 84, and 81), are **granted in part, denied in part**, as detailed in the Order.  The Government's cross motion for reciprocal discovery (Docket No. 85, Gov't Omnibus Response at 74-75) is **granted**.

So Ordered.

　　　　　　　　　　　　　　　　　　　　　　　*/s/ Hugh B. Scott*
　　　　　　　　　　　　　　　　　　　　　　　Honorable Hugh B. Scott
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Dated:  Buffalo, New York
　　　　December 29, 2008