UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                    **DECISION AND ORDER**
                                                       07-CR-304S
CARL A. LARSON, ET AL.,

                          Defendants.

## I.  INTRODUCTION

This is a criminal action brought under the Racketeer Influenced and Corrupt

Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, and the Hobbs Act, 18 U.S.C. § 1951.

Briefly, over the course of about eleven years, Defendants, members of a labor union

known as "Local 17," are alleged to have engaged in threats, physical violence, and

property damage in an attempt to force construction employers in Western New York to

hire Local 17 members for their projects. Pending before this Court is the motion of

Defendant Michael J. Eddy to dismiss Count Two of the Superseding Indictment and to

sever his case from those of the other Defendants.  (Docket No. 264.)[1]  In an order entered

on December 20, 2011, this Court granted the motions of Defendants George Dewald,

Jeffrey C. Lennon, Mark N. Kirsch, and Thomas Freedenberg for leave to join in Defendant

Eddy's motion insofar as that motion seeks dismissal of Count Two (Docket Nos. 265, 268,

269, 271, 278).   For the reasons set forth below, that motion is denied in its entirety.

---

[1]In support of this motion, Defendant Eddy has filed the Declaration of Mark R. Uba, Esq., (Docket No. 264) and a supporting Memorandum of Law (Docket No. 264-1).  Defendant Eddy also incorporates by reference the argument in support of severance presented in his initial pretrial motions.  (Docket No. 264 ¶ 4; see Docket No. 80 at 6-9).  The Government filed a Response, (Docket No. 272), in which the Government incorporated by reference and reprinted its original opposition to Defendant's motion to sever.  (Docket No. 272 at 6-12; see Docket No. 85 at 55-61). Defendant Eddy also filed a Reply Memorandum of Law. (Docket No. 273).

## II.  DISCUSSION

Initially, Defendants contend that Count 2 of the Superseding Indictment, which charges Defendants with "Hobbs Act Conspiracy" in violation of 18 U.S.C. § 1951 (a), is fatally defective because it fails to allege an agreement between coconspirators, an essential element of conspiracy.  (Sup. Indict., Docket No. 4, at 32-53; Def. Eddy's Mem. of Law, Docket No. 264-1, at 1-2).  The Government, however, has since filed a Second Superseding Indictment[2] correcting any error by clearly alleging that Defendants "MARK N. KIRSCH, . . . , JEFFREY C. LENNON, . . . , GEORGE DEWALD, MICHAEL J. EDDY, and THOMAS FREEDENBERG, together with each other and with others, known and unknown, did combine, conspire, confederate **and agree** to violate the provisions of Title 18, United States Code, Section 1951 (a) . . ." (Second Superseding Indictment, Docket No. 280, at 30-31 (emphasis added)).  The Motion to Dismiss Count 2 of the first Superseding Indictment is therefore denied as academic. (see United States v Lamb, 945 F.Supp. 441, 464 (N.D.N.Y. 1996).

Defendant Eddy's motion for severance is also denied.[3]  A court may grant a motion for severance where, inter alia, a consolidation for trial appears to prejudice a defendant.  Fed. R. Crim. P. 14 (a).  Notably, "Rule 14 does not *require* severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion."  Zafiro v. United States, 506 U.S. 534, 538-539, 113 S.Ct. 933, 122

---

[2]Two of the original defendants pleaded guilty prior to the filing of the Second Superseding Indictment (Docket Nos. 143, 152, 280), which pertains to only the remaining ten defendants.

[3]Defendant Eddy first raised this issue in his Initial Pretrial Motions (Docket No. 80), however, Magistrate Judge Scott determined it to be a matter addressed to this Court and declined to consider it. (Docket No. 91 at 13).

L.Ed.2d 317 (1993)(emphasis added). Relevant to this determination is that "Rules 8(b)[, which provides for the joinder of defendants,] and 14 are designed 'to promote economy and efficiency and to avoid a multiplicity of trials, [so long as] these objectives can be achieved without substantial prejudice to the right of the defendants to a fair trial.' " Zafiro, 506 U.S. at 540, quoting United States v. Bruton, 391 U.S. 123, 131 n6, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968);  United States v Page, 657 F.3d 126, 129 (2d Cir. 2011), cert denied __ S.Ct. __, 2012 WL 33557 (Jan. 9, 2012).   In light of this, "[j]oint trials are often particularly appropriate in circumstances where the defendants are charged with participating in the same criminal conspiracy, as is the case here." United States v. Spinelli, 352 F.3d 48, 55 (2003).

Because of the preference for joint trials where defendants are indicted together, Defendant Eddy bears a heavy burden of establishing that the prejudice he will suffer as a result of joinder " ' . . . is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials.' " Page, 657 F.3d at 129, quoting United States v. Walker, 142 F.3d 103, 110 (2d Cir. 1998), certs. denied 525 U.S. 896 (1998), 525 U.S. 988 (1998). Defendant Eddy contends that severance is warranted here because, compared to his codefendants who are accused of engaging in physical violence, threatening deadly physical force, and engaging in extensive property damage, the allegations against Defendant Eddy are relatively minor. (Docket No. 80 at 7-8).   He argues, for example, that the allegation that he kicked a gate causing injury to another person's hand pales in comparison to the allegation that Defendant Michael J. Caggiano stabbed the president of a construction company in the neck.   (Docket No. 80 at 7; see Second Sup. Indict. at 9, 36, 49-50).  Defendant Eddy further argues that evidence of the

3

more violent acts of the other defendants will have an unfair spillover effect on his own

case.  (Docket No. 80 at 7).

> [Although a] danger of 'prejudicial spillover,' where evidence which would be inadmissible against one defendant if tried individually could be introduced in a joint trial, could provide a basis for a severance[,] . . .  claims of prejudicial spillover rarely succeed, particularly in the context of conspiracy cases because the evidence could be admitted in the separate trials.

United States v. Sattar, 272 F.Supp.2d 348, 380 (S.D.N.Y. 2003). Further:

> '[D]iffering levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials.' United States v. Carson, 702 F.2d 351, 366-67 (2d Cir. 1983).  Even 'joint trials involving defendants who are only marginally involved alongside those heavily involved are constitutionally permissible.' United States v. Locascio, 6 F.3d 924, 947 (2d Cir. 1993).

Spinelli, 352 F.3d at 55.

Further, "[e]vidence at the joint trial of alleged coconspirators that, because of the

alleged conspiratorial nature of the illegal activity, would . . . [be] admissible at a separate

trial of the moving defendant is neither spillover or prejudicial." United States v. Rosa, 11

F.3d 315, 341 (2d Cir. 1993), certs. denied 511 U.S. 1042 (1994), 511 U.S. 1096 (1994);

see United States v. Guerrero, 669 F.Supp.2d 417, 425 (S.D.N.Y. 2009). Here, Defendant

Eddy is alleged to have, inter alia, conspired and agreed with the other defendants to

obtain property from employer contractors and their employees "with the consent of the

employer contractors . . . induced by the wrongful use of actual and threatened force,

violence and fear, including fear of economic harm resulting from actual and threatened

physical violence to the employer contractors, their owners, agents, and employees, and

their property." (Second Sup. Indict. at 30-31).  Thus, even if Defendant Eddy proves to be,

as he argues, the "least active" coconspirator, he is "nevertheless a fully implicated

conspirator and much of the evidence of which he complains would . . . [be] admissible against him in a separate trial as acts of co-conspirators in the furtherance of a conspiracy." United States v. Bari, 750 F.3d 1169, 1178 (2d Cir. 1984), cert denied 472 U.S. 1019 (1985). Evidence of his coconspirators' threatening acts would therefore be "relevant to proving the nature and scope of the conspiracy in which [all defendants] were, to differing degrees, involved." Spinnelli, 352 F.3d at 55-56; see Rosa, 11 F.3d at 341-342 (evidence of the workings of a conspiracy would be admissible at separate trials of coconspirators). "Moreover, even 'the fact that evidence may be admissible against one defendant but not another does not necessarily require a severance.' " Spinelli, 352 F.3d at 56, quoting Carson, 702 F.2d at 367.  Notably, although a few more violent acts are attributed to his coconspirators, the wrongful acts attributed to Defendant Eddy are not merely relatively minor conduct, as he argues, but include at least one act resulting in injury as well as acts resulting in over $200,000 in property damage.  (Second Sup. Indict. at 33 ¶ 4, 40 ¶ 29, 49-50 ¶ 63).   Accordingly, this Court concludes that Defendant Eddy has not met his heavy burden of establishing that any prejudice he might suffer as a result of joinder would be sufficiently severe enough to outweigh the interest of judicial economy in this case. See Page, 657 F.3d at 129.  His motion for severance is denied.

## IV.  CONCLUSION

Defendant Eddy's Motion to Dismiss Count 2 of the first Superseding Indictment (Docket No.  264), joined by Defendants Dewald, Lennon, Kirsch, and Freedenberg (Docket Nos. 265, 268, 269, 271, 278), is denied as academic.  Defendant Eddy's Motion for Severance (Docket No. 264) is also denied.

## V.  ORDERS

IT HEREBY IS ORDERED, that Motion of Defendants Eddy, Dewald, Lennon, Kirsch, and Freedenberg to Dismiss Count 2 of the Superseding Indictment (Docket No. 264) is DENIED; and

FURTHER, that Defendant Eddy's Motion for Severance (Docket No. 264) is DENIED.

SO ORDERED.


Dated:      January 17, 2012
            Buffalo, New York

                                        /s/William M. Skretny
                                         WILLIAM M. SKRETNY
                                            Chief Judge
                                     United States District Court

6