UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                      **Hon. Hugh B. Scott**

v.

                      07CR304S

                      **Order**

CARL A. LARSON, et al.,

     Defendants.

Currently before this Court are (a) the joint defense motion filed by defendant Mark Kirsch to continue motions (and appeals therefrom) filed under the earlier pleadings in this case (Docket No. 302, hereinafter the "Kirsch motion"), and (b) the joint[1] defense motion filed by defendant Gerald Bove seeking particular discovery and disclosure (Docket No. 301, hereinafter the "Bove motion"; see also Docket No. 304 (joinder motion of defendant Michael Caggiano[2]))[3]. These motions were argued on September 11, 2012 (text minute entry, Sept. 11, 2012) and this Court granted the Kirsch motion. In particular, the defendants in the Bove motion (Docket No. 301) moved for production of Grand Jury records as well as Grand Jury minutes from the Grand Jury impaneled November 4, 2011, which indicted defendants on the Second Superseding

---

[1] Almost all defendants, including all remaining defendants, join in this motion. The only defendant not joining this motion, James Minter, entered a guilty plea, Docket No. 141. One of the joining defendants, Gerald Franz, also entered a guilty plea, Docket No. 149, and awaits sentencing.

[2] Caggiano's joinder motion is **granted**.

[3] A third motion, filed jointly by defendants Michael Eddy and George Dewald, Docket Nos. 307, 309, will be briefed and considered separately from these motions.

Indictment (Docket No. 280). The Government responded (Docket No. 305) and defendants filed a joint Reply (Docket No. 314). These motions were argued on September 11, 2012, and submitted.

**BACKGROUND**

This is a racketeering conspiracy, Hobbs Act conspiracy, racketeering forfeiture, and aiding and abetting prosecution involving International Union of Operating Engineers, Local 17, AFL-CIO (hereinafter " Local No. 17") (Docket No. 4, Superseding Indict.). In the Superseding Indictment, the Government alleges that Local No. 17 functioned as a criminal enterprise from about January 1997 to December 2007 (id. ¶ 1). This Superseding Indictment was issued by the Grand Jury impaneled on May 4, 2007 (id.).

Defendants are officers or members of Local No. 17. The Superseding Indictment alleged that defendants collectively were willing to engage in acts of violence and threats of violence against persons and property on non-union construction sites, with the alleged objective of extortion from contractors to obtain contracts from those contractors. The Superseding Indictment alleged RICO violation, 18 U.S.C. § 1962(d), with racketeering acts involving ten different non-union projects, a Hobbs Act conspiracy to extort from those contractors, and attempted Hobbs Act extortion activities against these contractors (see generally Docket No. 4, Superseding Indict.; Docket No. 229, Order of Aug. 10, 2011, at 2-4).

Defendants then filed omnibus motions (Docket Nos. 61, 67, 66, 65, 80, 70, 73, 74, 75, 77, 78, 84, and 81) which this Court granted in part and denied in part (Docket Nos. 90 (Order addressing motions for Bills of Particulars), 91 (Order addressing discovery relief sought)). Defendants jointly moved to dismiss the Superseding Indictment on the grounds that their

activities were permissible under an exception to the Hobbs Act, 18 U.S.C. § 1951(a), found by the United States Supreme Court in Enmons, United States v. Enmons, 410 U.S. 396 (1973) (Docket Nos. 153, 155, 158). This Court issued a Report & Recommendation (Docket No. 184) recommending granting that motion, but Chief Judge Skretny set aside that Report and denied the motion to dismiss the Indictment (Docket No. 229). Bove filed a Notice of Appeal from that ruling (Docket No. 274).

*Second Superseding Indictment*

On January 10, 2012, the Government filed a Second Superseding Indictment, issued by the Grand Jury impaneled on November 4, 2011 (Docket No. 280). The counts previously alleged essentially remain unchanged, but defendants Minter and Franz were not charged in the Second Superseding Indictment. The Second Superseding Indictment expressly alleges that the defendants conspired to agree to violate the Hobbs Act (id. at 29). In light of this amendment, this Court denied defendant's Eddy's motion to dismiss Count 2 of the Superseding Indictment as being moot, as well as denying his severance motion (Docket No. 283).

The Second Superseding Indictment also alleges that Kirsch participated in the attempted Hobbs Act extortion committed against STS Construction of Western New York (Docket No. 280, 2d Superseding Indict. Count 3, at 53), while Count 5 alleges that Eddy and Dewald also participated in the attempted Hobbs Act extortion against Waste Management and Marcy Excavation Company at the Chaffee landfill (id., Count 5, at 56). Count 8 also alleges that Kirsch participated in the attempted Hobbs Act activity against Wadsworth Golf Construction company (id., Count 8, at 60).

*Kirsch Motion*

In light of the filing of the Superseding Indictment, and its effect of wiping out prior proceedings, Kirsch and other defendants orally moved to renew the earlier motions filed under the Superseding Indictment (Docket No. 302, Kirsch Atty. Affirm. ¶ 12) and the parties attempted to stipulate to this (id. ¶¶ 12-16). That motion was granted during oral argument on September 11, 2012.

*Bove Motion*

With the Second Superseding Indictment being rendered by a different Grand Jury, and the "relatively minor" changes alleged in the newer pleading, Bove seeks all records related to the November 2011 Grand Jury (including a log or record of dates and time when this case was presented to them, the witnesses who testified before them and time periods of their testimony, exhibits shown to the Grand Jury) (Docket No. 301, Bove Atty. Affirm. ¶¶ 9, 3). He also seeks a statement whether summarized testimony was used; if transcripts were provided of prior testimony, the number of copies furnished and the time allotted for Grand Jury review of the transcripts; and the instructions given to the Grand Jury, including instructions on the extent of use of summarized testimony, the right of the Grand Jury to hear direct evidence, the rights of unions and union members under the National Labor Relations Act and the First Amendment and the labor exception from the Hobbs Act under Enmons, and specifics on the elements of a RICO charge (id. ¶¶ 4-6). Bove also seeks delivery of the entire Grand Jury transcript (id. ¶ 7) or portions of it or the entire transcript to be provided to the Court for in camera inspection to determine what (if any) of the transcript could be produced (id. ¶ 8). Bove seeks these items to see if the November 2011 Grand Jury was allowed to proceed as an independent investigative

body as required by the Fifth Amendment or if the Government used it as a "rubber stamp" to charge these defendants (id. ¶¶ 9-13).

The Government responds that the general standard for Grand Jury secrecy apply here and that defendants fail to articulate particularized need to justify disclosure (Docket No. 305, Gov't Response at 3-5). The Government notes that Bove's request for the Grand Jury minutes does not limit itself to the minutes from the November 2011 Grand Jury but also could include the minutes from the previous Grand Jury that indicted and issued the Superseding Indictment (id. at 2 n.1).

DISCUSSION

I. Applicable Standards

There is a tradition older than our nation that proceedings before a grand jury remain secret, Craig v. United States (In re Craig), 131 F.3d 99, 101 (2d Cir. 1997) (quoting In re Biaggi, 478 F.2d 489, 491 (2d Cir. 1973) (quoting in turn Pittsburgh Plate Glass Co. v. United States, 360 U.S. 395, 399 (1959))). "The rule of secrecy has been justified by the important ways in which it is said to contribute to the success of grand juries and to the protection of those who appear before them," id. at 101-02. Some of those purposes noted by the Second Circuit in Craig include insuring "the utmost freedom to the grand jury in its deliberations, and to prevent persons subject to indictment or their friends from importuning the grand jurors," "to encourage the free and untrammeled disclosures by persons who have information with respect to the commission of crimes," and "to protect [the] innocent accused who is exonerated from disclosure of the fact that he had been under investigation, . . . ," id. (quoting United States v. Proctor & Gamble Co., 356 U.S. 677, 681-82 n.6 (1958)).

While there is a long history of grand jury secrecy, id. at 103, it is not absolute, Biaggi, supra, 478 F.2d 489; Craig, supra, 131 F.3d at 103.  Under Federal Rule of Criminal Procedure 6(e)(3)(E)(ii), this Court may authorize the disclosure of a Grand Jury matter at the request of the defense who shows that a ground may exist to dismiss the Indictment because of a matter that occurred before the Grand Jury.  The Court may authorize this disclosure "at a time, in a manner, and subject to any other conditions that it directs," id.  The decision to permit disclosure is within this Court's discretion after assessing "whether the need for disclosure overbalances the requirements of secrecy," United States v. Mahoney, 495 F. Supp. 1270, 1272 (E.D. Pa. 1980) (citing Pittsburgh Plate Glass, supra, 360 U.S. at 399).

The party seeking disclosure has the burden of showing the particularized need, Douglas Oil Co. v. Petrol Stops Northwest, 441 U.S. 211, 222 (1979); Mahoney, supra, 495 F. Supp. 1273.  Defendants had to show that they have a particularized need for disclosure that outweighs the Government's interest in maintaining Grand Jury secrecy, United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988); see United States v. Twersky, No. S2 92 Cr. 1082, 1994 U.S. Dist. LEXIS 8744, at *14-16 (S.D.N.Y. June 29, 1994) (granting in camera review of Grand Jury minutes and reserving decision on motion to dismiss Indictment).  A defendant must state a particularized need for these transcripts "in order to present a vigorous defense" which outweighs the principle of Grand Jury secrecy, Pittsburgh Plate Glass, supra, 360 U.S. at 400.  There are occasions "when the trial judge may in the exercise of his discretion order the minutes of a grand jury witness produced for use on his cross-examination at trial.  Certainly 'disclosure is wholly proper where the ends of justice require it,'" Pittsburgh Plate Glass, supra, 360 U.S. at 400 (quoting United States v. Socony-Vacuum Oil Co., 310 U.S. 150, 234 (1940)).  The burden is

upon the defendant to show a particularized need exists that outweighs the policy of Grand Jury secrecy, id. Particularized need includes impeachment of witness at trial, refresh recollection, and testing witness credibility, Proctor & Gamble, supra, 356 U.S. at 683. "A review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct," Torres, supra, 901 F.2d at 233, and (even if disclosed) "as a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants," Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); Torres, supra, 901 F.2d at 233.

II.     Grand Jury Minutes

This Court first considers Bove's request for the substantive deliberations of the Grand Jury as manifest in its minutes. As was held in the Pittsburgh Plate Glass case, supra, 360 U.S. at 400, defendants have not made a showing of particularized need for production of the Grand Jury minutes (either entirely or after in camera inspection), but cf. Dennis v. United States, 384 U.S. 855, 872-73 (1966) (Court found that defense did not fail to make out a particularized need, listing the circumstances of particularized need). Merely stating the desire to make a vigorous defense in general, see also United States v. Nunez, No. 00 CR 121, 2001 U.S. Dist. LEXIS 883, at *29-31 (S.D.N.Y. Feb. 1, 2001), or even that (as here) different Grand Jury panels rendered Superseding Indictments, cf. United States v. Hill, S No. 88 Cr. 154, 1989 U.S. Dist. LEXIS 2791, at *2 (S.D.N.Y. Mar. 20, 1989) (Superseding Indictment rendered by second Grand Jury after reviewing minutes of first Grand Jury), does not show a particular need for a given portion of the Grand Jury testimony or show whether that Grand Jury testimony is needed for impeachment, refreshing recollection or testing credibility.

7

III.   Production of Instructions to Grand Jury

Regarding the instructions given to the Grand Jury, even if it was improperly instructed, that error is not a basis for the defense obtaining the Grand Jury minutes, Nunez, supra, 2001 U.S. Dist. LEXIS 883, at *29-31, since (absent a showing of prejudice to defendants due to the error) errors in Grand Jury proceedings alone are not a basis for dismissal of an Indictment, Bank of Nova Scotia, supra, 487 U.S. at 254.

As for the instructions given to the Grand Jury, the defendants in United States v. Diaz, 236 F.R.D. 470 (N.D. Cal. 2006) (cited by Bove, Docket No. 314, Bove Reply at 3), sought all instructions given to any Grand Jury that heard evidence in that matter, id. at 474, 477, including instructions given to Grand Jurors concerning their duties, id. at 475; the Government there did not object to producing these instructions and the district court found there that disclosure of these instructions "would not reveal the substance or essence of the grand jury proceedings" and that "disclosure of jury procedures and responsibilities poses no security threat to past, current or prospective jurors," id. at 477-78.  The instructions there appear to be the initial instructions given to any Grand Jury about to commence an investigation on how it is to perform its duties and not a charge as to the substantive law or the procedures for how to charge a suspect in a particular instance.

In United States v. Alter, 482 F.2d 1016, 1028-29 & 1028 n.20 (9th Cir. 1973) (cited by Bove, Docket No. 314, Bove Reply at 3, 4), the defendant sought the instructions to the Grand Jury on its role and powers and the rights of witnesses and the defendant wanted production of the charge given to the Grand Jury.  The Ninth Circuit in a footnote observed that defendant was entitled to know the contents of the court's charges to the grand jury, id. at 1029 n.21, of the rules

8

for the conduct of the Grand Jury, deemed not to be secret, id., but declined to address the merits of his Grand Jury instruction argument since defendant was not prejudiced by the timing of the responses to his requests to obtain the charges, id. at 1029. The instructions in this case appear to be the general directions given to Grand Jurors as how they are to proceed, their powers and duties, without a focus on the particulars of the suspect or case they are investigating. Some of Bove's requests are in this vein, seeking instructions given on the right of Grand Jurors to hear direct evidence and the extent of the use of summarized evidence (see Docket No. 301, Bove Motion ¶ 6). But the remaining instructions go to the substance of the charges eventually leveled against defendants here.

The instructions sought by Bove in this case, however, or the existence of such instructions goes to the substance of the charge being laid before the Grand Jury as well as how the Grand Jury is to proceed regarding the type and manner of produced evidence before the panel. Whether a witness was called or how that witness's testimony was presented to the Grand Jury reveals the deliberative process for that body, as with the decision of which law upon which to instruct the panel (or whether to give any instruction beyond reading the text of the statute the suspect is thought to have violated).

IV. Summaries and Hearsay to Grand Jury

Bove objects that the November 2011 Grand Jury may have reviewed summaries from previous Grand Jury panels or was presented with hearsay testimony. The Government, however, can introduce hearsay to the Grand Jury upon notice to the panel of its hearsay nature, Costello v. United States, 350 U.S. 359, 364 (1956) (hearsay is admissible in Grand Jury proceedings); see Gordon Mehler, John Gleeson & David C. James, Federal Criminal Practice: A

Second Circuit Handbook § 20-2, at 328-29 (12th ed. 2012) (Grand Jury is not constrained by rules of evidence and may consider hearsay); cf. United States v. Ruggiero, 934 F.2d 440, 447 (2d Cir. 1991) (prosecution can mislead Grand Jury as to hearsay nature of testimony and Indictment may be invalidated for misleading panel as to nature of testimony). The Federal Rules of Criminal Procedure also authorize the use of summaries before the Grand Jury, Fed. R. Cr. P. 6(e)(3)(C). Bove argues that other courts reject the use of summaries in presenting evidence to a Grand Jury (Docket No. 314, Defs. Reply at 6-7, citing United States v. Mahoney, 495 F. Supp. 1270, 1276 (E.D. Pa. 1980), and use of summaries as particularized need for disclosure of Grand Jury minutes. The court in Mahoney noted that summaries are allowed by some courts, rejected by others, id. at 1275 & n.6 (citing United States v. Schlesinger, 598 F.2d 722 (2d Cir.), cert. denied, 444 U.S. 880 (1979) (use of summaries found to be valid)). The Second Circuit in Schlesinger, supra, 598 F.2d at 725-26, found that the first Grand Jury panel was dismissed and a second panel considered the Superseding Indictment against the defendant. The prosecutor then summarized evidence and presented to the second panel the transcript of proceedings before the first panel, offering to read the transcript to the second panel but the second panel declined that reading and issued a Superseding Indictment. The Second Circuit held that this latter Indictment did not violate the Grand Jury Clause of the Fifth Amendment, "though it is true that [the prosecutor's] summary to the grand jury of prior grand jury testimony was at best hearsay, the indictment was unquestionably valid on its face, and thus the Fifth Amendment does not require that we look behind it to consider the character of the evidence upon which it is based," id. at 726 (citing Costello, supra, 350 U.S. at 363; United States v.

Calandra, 414 U.S. 338, 345 (1974); United States v. Mangan, 575 F.2d 32 (2d Cir. 1978), and other circuit precedent).

V.      Production of Grand Jury "Records"

Bove, however, argues that there are two types of materials involving the Grand Jury. There are the minutes of proceedings that are subject to the above particularized need analysis and the "records" of the Grand Jury, essentially the procedural or ministerial matters not related to testimony. These latter items include how the Grand Jury is impaneled, how long they met investigating this case, the witnesses called, how testimony was presented to them (either by live witness, or by transcripts, or by summaries from earlier Grand Jury proceedings). Bove cites to cases in other circuits that recognize this distinction, primarily the courts in the Ninth Circuit, see Diaz, supra, 236 F.R.D. at 475-76. In Diaz, defendants requested to review grand jury records (such as how it was impaneled) and were granted access to Grand Jury instructions, juror selection procedures, the commencement and extension of any term, and the jury list of those that indicted them. The court, however, denied the request for grand jury attendance information, voting records of the Grand Jury, and the copies of any subpoenas that were requested as proceedings occurring before the Grand Jury, id. at 480-81, 479-80. "Disclosure of the exhibits presented to the grand jurors, persons who have seen the exhibits and a list of the materials disclosed is not solely procedural, and may reveal the essence of the grand jury proceedings," id. at 480, as with disclosing the names of persons receiving information about matters before the Grand Jury, id.

The Ninth Circuit has recognized public access to ministerial grand jury records, id. at 476; In re: Special Grand Jury (for Anchorage, Alaska), 674 F.2d 778, 779 (9th Cir. 1982), "that

11

do not reveal the substance or essence of the grand jury's investigation or deliberations," <u>Diaz</u>, supra, 236 F.R.D. at 476.  The Ninth Circuit in <u>Special Grand Jury</u> defined "ministerial" Grand Jury records as "those that 'generally relate to the procedural aspects of the impaneling and operation of the . . . Grand Jury, as opposed to records which relate to the substance of the . . . Grand Jury's investigation,'" <u>Diaz</u>, <u>supra</u>, 236 F.R.D. at 476, quoting <u>Special Grand Jury</u>, <u>supra</u>, 674 F.2d at 779 n.1.  The court there noted that the "ministerial" label "should not be taken to indicate any settled judgment on our part that none of the records could be classified as 'matters occurring before the grand jury' as that expression is used in Rule 6(e), Federal Rules of Criminal Procedure," <u>id.</u>

Rule 6(e)(2) mandates secrecy for matters occurring "before the grand jury," <u>see</u> <u>Diaz</u>, supra, 236 F.R.D. at 476.  Unlike the Ninth Circuit, this Court finds that those matters include the ministerial or procedural aspects of the Grand Jury's activities as well as the substantive activities in investigating.  As stated above in <u>Diaz</u>, some of the records sought by Bove--log or record of dates and time when this case was presented to the Grand Jury, the witnesses who testified before them and time periods of their testimony, exhibits shown to the Grand Jury-- would not be discoverable under the Ninth Circuit standard, 236 F.R.D. at 480.

VI.    In Summary

Given the strong presumption of regularity for Grand Jury proceedings, <u>see</u> <u>Hamling v. United States</u>, 418 U.S. 87, 139 n.23 (1974); <u>Torres</u>, <u>supra</u>, 901 F.2d 232-33 (Docket No. 305, Gov't Response at 3-4), review of Grand Jury minutes and records sought by Bove here could only occur with Bove and joining defendants establishing particular need to overcome the otherwise secret proceedings of the Grand Jury.  Bove and his codefendants have not shown

12

particularized need. Unlike courts in other circuits, this Court deems the cloak of Grand Jury secrecy to include its ministerial and procedural activities (as defined by the Ninth Circuit courts, discussed above), since no clear line can be drawn distinguishing the ministerial from the substantive. How (or whether) a Grand Jury acts are matters occurring before the Grand Jury as any substantive matter. Thus, Bove's motion (Docket No. 301) is **denied**.

CONCLUSION

For the reasons stated above, defendants' joint motion filed by defendant Kirsch to carry over prior proceeding under the former Superseding Indictment to the present Second Superseding Indictment (Docket No. 302) is **granted**. Defendants' joint motion filed by defendant Bove for discovery of Grand Jury records and minutes (Docket No. 301) is **denied**; defendant Caggiano's joinder motion to the Bove motion (Docket No. 304) is **granted**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
September 18, 2012