UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

CARL A. LARSON, et al.,

               Defendants.

**DECISION AND ORDER**
07-CR-304S
1, 2, 4, 6, 7, 8, 9, 10, 11, 12

## I.  INTRODUCTION

This is a criminal action brought under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.*, and the Hobbs Act, 18 U.S.C. § 1951. Briefly, over the course of about eleven years, Defendants, members of a labor union known as "Local 17," are alleged to have engaged in threats, physical violence, and property damage in an attempt to force construction employers in Western New York to hire Local 17 members for their projects.

Defendants previously moved for dismissal of the Second Superseding Indictment on the ground that it did not contain sufficient allegations of extortable property as defined by the Supreme Court's recent ruling in Sekhar v. United States, 133. S. Ct. 2720, 186 L. Ed. 2d 794 (June 26, 2013).  Those allegations were that Defendants attempted to extort:

    a.     Property of construction contractors consisting of wages and benefits to be paid pursuant to labor contracts with Local 17 at construction projects in Western New York.

    b.     Property of non-union construction laborers consisting of the jobs being performed by those non-union laborers and the wages and benefits associated with those jobs at construction projects in Western New York.

    c.     Property of construction contractors and businesses consisting of the

right to make business decisions free from outside pressure at construction projects in Western New York.

d.     Property of construction contractors consisting of wages and employee benefit contributions paid or to be paid by said contractors for unwanted, unnecessary, and superfluous labor.

(Sec. Sup. Indict. ¶ 8, Docket No. 280.)

This Court denied the motion in an October 9, 2013 Decision and Order on the ground that at least two of the four property allegations survived Sekhar, specifically the allegations that Defendants attempted to obtain by extortion the property of construction contractors consisting of wages and benefits to be paid pursuant to labor contracts, and the property of construction contractors consisting of wages and employee benefit contributions paid or to be paid by said contractors for unwanted, unnecessary, and superfluous labor.  At least one of these two property allegations was alleged in connection with every predicate racketeering act and Hobbs Act charge. This Court agreed with Defendants, however, that the 'right to make business decisions free from outside pressure' did not constitute extortable property as defined by the Supreme Court.  Left unresolved was the issue of whether the 'property of non-union construction laborers consisting of the jobs being performed by those non-union laborers and the wages and benefits associated with those jobs' constituted extortable property.

Presently before this Court is Defendants' joint motion for reconsideration of the October 9, 2013 Decision and Order.  Familiarity with this prior order is assumed. Defendants have also jointly moved for a redaction of the Second Superseding Indictment.

This Court finds these matters fully briefed[1] and oral argument unnecessary.

## II. DISCUSSION

### A.    Motion for Reconsideration

Although there is no express criminal procedure provision for a reconsideration motion, courts in this Circuit have applied the applicable civil standard to such motions in criminal cases.  United States v. Gundy, No. 13 Crim. 8 (JPO), 2013 WL 4838845, *1(S.D.N.Y. Sept. 11, 2013); United States v. Reyes, No. 3:10-cr-120 (VLB), 2013 WL 1882305, *1 (D. Conn. May 3, 2013); United States v. Briggs, No. 10CR184S, 2012 WL 5449688, *2 (W.D.N.Y. Nov. 7, 2012).  Reconsideration of a prior decision is generally justified where there is: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992), *cert denied*, 506 U.S. 820 (1992); United States v. Kasper, No. 10-CR-318S, 2012 WL 2573259, *1 (W.D.N.Y. June 29, 2012); see also Shrader v. CSZ Trans., Inc., 70 F.3d 255, 257 (2d Cir.1995) ("reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court").

Defendants challenge this Court's prior conclusion that, even following the Supreme Court's recent ruling in Sekhar v. United States, 133. S. Ct. 2720, 186 L. Ed. 2d 794 (June 26, 2013), "wages and benefits pursuant to a labor contract" constituted extortable property. See United States v. Larson, No. 07-CR-304S, 2013 WL 5573046, *5 (W.D.N.Y.

---

[1]Defendants did not file reply papers in accordance with Local Rule of Criminal Procedure 12(b)(2).

Oct. 9, 2013). This conclusion relied in part on the fact that "a contract and contractual rights can be assigned, and therefore constitute something of value that can be exercised, transferred or sold." Id. Defendants argue that this Court "overlooked controlling Supreme Court precedent," specifically, John Wiley & Sons, Inc. v. Livingston, wherein the Supreme Court observed that " '. . . a collective bargaining agreement is not an ordinary contract.' " (Defs' Mem of Law at 2-3, Docket No. 383 (quoting John Wiley & Sons, 376 U.S. 543, 550, 84 S. Ct. 909, 11 L. Ed. 2d 898 (1964).)

Contrary to Defendants' contention, however, John Wiley & Sons does not support a conclusion that rights under a labor contract cannot constitute obtainable property or that such rights are non-transferable. Instead, as noted by the Government, the Supreme Court held that, following an employer's merger with another company, an arbitration clause in a collective bargaining agreement may be enforced against the successor employer despite the latter entity's failure to sign or be a party to that agreement. John Wiley & Sons, 376 U.S. at 550-51. In other words, the Court recognized that the contractual obligation to arbitrate could under certain circumstances transfer to a third party even where an ordinary contractual provision would not. Further, the Court relied on the national labor preference for arbitration not to support a conclusion that the law governing ordinary contracts was inapplicable to collective bargaining agreements, but as evidence of the parties' intent to give the arbitration clause in such an agreement a broad scope. John Wiley & Sons, 376 U.S. at 550-51 n. 4. As such, this case does not call into question the Court's prior conclusion that the contractual right to wages and benefits for the members of Defendants' union is an obtainable, and thus extortable, property right. Moreover, by securing a contract for Local 17, Defendants would obtain wages and

benefits on behalf of union members.  Defendants' motion for reconsideration is therefore denied.

## B.    Motion to Redact Indictment

Defendants also jointly moved to redact from the Second Superseding Indictment any allegations that they attempted to extort the "[p]roperty of non-union construction laborers consisting of the jobs being performed by those non-union laborers and the wages and benefits associated with those jobs." (Sec. Sup. Ind. ¶ 8(b).)  Defendants argue that they could not have attempted to obtain wages and benefits that the non-union workers had not yet earned.  (See Defs' Mem of Law at 4, Docket No. 384.)  Defendants further argue that the non-union workers, as at-will employees, possess no protectable property interest in the jobs sought, but instead any interest is dependent on the contractor-employer's consent.  (Id. at 5-6.)

With respect to this last argument, Defendant relies on the Second Circuit's pre-Sekhar decision in United States v. Gotti, 459 F.3d 296 (2d Cir. 2006), *cert denied*, 551 U.S. 1144 (2007). (Defs' Mem of Law at 5-6, Docket No. 384.)  There, the Court recognized that "money and the right . . . to be an employee" constituted extortable property.  Gotti, 459 F.3d at 326. The Court found that, although the employment at issue was presumably at-will with no guaranteed right to continued employment, the employee "surely had the right to be employed there for as long as he sought the job and his employer would have him." Id. Defendants argue that because "[t]he extorable property interest identified in Gotti was expressly conditioned upon the employer's decision to continue to employ the at will employee," any coercive activity directed toward that interest would in essence be an attempt to obtain in whole or in part the employer's right to make

business decisions. (Defs' Mem of Law at 6, Docket No. 384.) Defendants therefore argue that this portion of the Gotti decision does not survive the Supreme Court's analysis in Sekhar.

The Government responds that "there is a distinction between the generalized idea that compelling an employer to make any business decision free from outside property (rejected by this Court) and the long-standing conclusion that property such as 'non-competition or non-exclusivity agreements' as discussed in Gotti and recognized as such by this Court . . . are obtainable property subject to extortion." (Gov's Mem of Law at 8, Docket No. 385.) Here, the Government argues, "the jobs, wages and benefits, however ephemeral and dependent on the employer's agreement," are intangible property interests that are capable of being extorted. (Id.)

The fact that the non-union workers' property interest in their at-will employment has been recognized is not, however, dispositive. See Gotti, 459 F.3d at 326. Extortion requires "'not only the deprivation but also the acquisition of property.'" Sekhar, 133 S. Ct. at 2725 (quoting Scheidler v. Nat'l Org. for Women, Inc. ("Scheidler II"),[2] 537 U.S. 393, 400-1, 404, 123 S. Ct. 1057, 154 L. Ed. 2d 991 (2003) (acts intended to cause employees to "give up" property right of performing job insufficient to establish extortion)). Thus, not every property right is extortable, instead "a defendant must pursue something of value from the victim that can be exercised, transferred or sold." Sekhar, 133 S. Ct. at 2726. By way of example, the Supreme Court majority in Sekhar noted that a member of the Pulitzer

---

[2]As noted by the Second Circuit in United States v. Gotti, 459 F.3d 296, 301 n. 1 (2d Cir. 2006), cert denied, 551 U.S. 1144 (2007), Scheidler was before the Supreme Court on three separate occasions: in 1994, 2003, and again in 2006.

Prize Committee's right to recommend the recipient of the prize constitutes something of value, and therefore arguably falls within the broad definition of property. <u>Sekhar</u>, 133 S. Ct. at 2726 n. 5; <u>see generally</u> <u>United States v. Tropiano</u>, 418 F.2d 1069, 1075 (2d Cir. 1969) (property is not limited to tangible items, "but includes, in a broad sense, any valuable right"). However, although the committee member could be forced or paid to give up that right, the member could not transfer it to someone else. <u>Sekhar</u>, 133 S. Ct. at 2726 n. 5.

Similarly, here, although defendants certainly could have "interfered with, disrupted, and in some instances completely deprived [non-union workers] of their ability to exercise their property rights" in continued employment, <u>Scheidler</u>, 537 U.S. at 404, the non-union workers themselves could not have transferred their jobs, wages and benefits to defendants. <u>See</u> <u>Sekhar</u>, 133 S. Ct. at 2726 n. 5. These could have been obtained only from the contractor-employers. Accordingly, although the attempted "obtain[ing of] money[, i.e. wages and benefits] by threatening a third party [such as a non-union employee]" is still a permissible Hobbs Act charge, <u>See</u> <u>Sekhar</u>, 133 S. Ct. at 2725 n. 2, the allegation that Defendants attempted to obtain jobs, wages and benefits from non-union workers is, at best, duplicative of the allegations of attempted extortion of the contractors. Redaction is therefore appropriate.

### III. CONCLUSION

Because Defendants failed to raise any matter that would potentially alter this Court's prior decision denying the motion to dismiss, their joint motion for reconsideration is denied. Defendants' joint motion to redact from the Second Superseding Indictment allegations of the attempted extortion of the "property of non-union construction laborers

consisting of the jobs being performed by those non-union laborers and the wages and benefits associated with those jobs at construction projects in Western New York" is granted.

## IV. ORDERS

IT HEREBY IS ORDERED, that Defendants' Joint Motion for Reconsideration of this Court's October 9, 2013 Decision and Order (Docket No. 383) is DENIED;

FURTHER, that Defendants' Joint Motion for Redaction of the Second Superseding Indictment (Docket No. 384) is GRANTED.

SO ORDERED.


Dated:        November 23, 2013
              Buffalo, New York

                                        /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                           Chief Judge
                                   United States District Court