UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

     v.

MARK N. KIRSCH,

                      Defendant.

**DECISION AND ORDER**
07-CR-304S (6)

1.      On March 7, 2014, a jury convicted Defendant Mark N. Kirsch of racketeering conspiracy, Hobbs Act conspiracy, and attempted Hobbs Act extortion.  Thereafter, on March 31, 2015, this Court acquitted Kirsch of attempted Hobbs Act extortion under Rule 29 of the Federal Rules of Criminal Procedure, but otherwise denied his requests for acquittal and a new trial.  See United States v. Kirsch, No. 07-CR-304S (6), 2015 WL 1472122 (W.D.N.Y. Mar. 31, 2015).  On December 16, 2015, this Court denied Kirsch's second motion for a new trial, which was premised on the United States Supreme Court's decision in Elonis v. United States, 135 S.Ct. 2001 (2015).  See United States v. Kirsch, 151 F. Supp. 3d 311 (W.D.N.Y. 2015).  On August 31, 2016, this Court sentenced Kirsch to 36 months imprisonment.  (Docket No. 866.)

2.      Before sentencing, Kirsch filed a Motion for Release Pending Appeal, pursuant to 18 U.S.C. § 3143 (b).  (Docket No. 843.)  At sentencing, this Court reserved decision on Kirsch's motion, pending his filing of a Notice of Appeal, which he filed on September 14, 2016.  (Docket No. 869.)  For the following reasons, Kirsch's Motion for Release Pending Appeal is granted.

3.      Detention pending appeal is mandatory for any person convicted of a crime of violence and sentenced to a term of imprisonment.  See 18 U.S.C. § 3143 (b)(2).  Kirsch

concedes that he has been convicted of a crime of violence, and it is undisputed that Kirsch was sentenced to a term of imprisonment.

4.      Nonetheless, release pending appeal is permitted by 18 U.S.C. § 3145 (c) —notwithstanding mandatory detention under 18 U.S.C. § 3143 (b)(2)—if the requirements of 18 U.S.C. § 3143 (b)(1) are met and "it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."  See United States v. DiSomma, 951 F.2d 494, 496 (2d Cir. 1991).

5.      Eighteen U.S.C. § 3143 (b)(1) permits release of an individual who has been found guilty of an offense, has been sentenced to a term of imprisonment, and who has filed an appeal, if the court finds that (1) clear and convincing evidence establishes that the individual is not likely to flee or pose a danger to the safety of others in the community if released, and (2) the appeal being taken is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal of the conviction, an order for a new trial, a sentence that does not include imprisonment, or a reduced sentence of imprisonment less than the total of time already served, plus the expected duration of the appeal process.   18 U.S.C. § 3143 (b)(1).   If release is permitted, the sentence of imprisonment must be stayed.  Fed. R. Crim. P. 38 (b)(1).

6.      On the first prong, the government does not challenge Kirsch's assertion that he is not a danger to the community or a flight risk, and this Court finds that he is neither.

7.      As to the second prong, this Court finds that Kirsch's appeal is not a delay tactic and raises substantial questions of fact and law that, if successful, would likely result in reversal of his conviction or a new trial.  To determine whether an appeal raises a "substantial question," courts look to whether the issue is "one of more substance than

would be necessary to a finding that [the appeal] was not frivolous.  It is a close question or one that very well could be decided the other way."   United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985).  If such a finding is made, the court must then consider whether the question is "so integral to the merits of the conviction on which the defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial or reduction of sentence.  Id. at 125.

8.      Here, although this Court is of the view that the evidence presented at trial was sufficient to sustain Kirsch's convictions and that the legal basis for his convictions is sound, it recognizes the possibility that reasonable minds could differ in that assessment. Kirsch's arguments concerning the impact of several Supreme Court cases on the underpinnings of the charges against him and the government's theory at trial, together with his claimed points of error in the jury instructions, though unpersuasive to date, raise substantial questions for purposes of evaluating Kirsch's instant request for release.

9.      Finally, this Court finds that Kirsch has established the existence of "exceptional reasons" why his detention pending appeal would not be appropriate.  See DiSomma, 951 F.2d at 496.  As did the defendant in DiSomma, Kirsch intends to challenge the factual basis of his convictions, including the violence elements, along with other appellate challenges.  Under DiSomma, then, Kirsch has established exceptional reasons to justify his release pending appeal.  See id. at 498 ("We consequently hold that where a defendant mounts a direct and substantial challenge on appeal to the factual underpinnings of the element of violence upon which his sole conviction stands or falls, in the absence of risk of flight or danger to the community, it is well within the district judge's discretion to find that exceptional reasons allow release of the defendant pending appeal.")

10.     Accordingly, for the reasons stated above, Kirsch's Motion for Release Pending Appeal will be granted.  Kirsch's release will be continued under his current conditions pending appeal pursuant to 18 U.S.C. § 3143 (b)(1).


IT HEREBY IS ORDERED, that Defendant's [843] Motion for Release Pending Appeal is GRANTED.

FURTHER, that Defendant's sentence of imprisonment is STAYED.

FURTHER, that Defendant is continued on release under his current conditions.

SO ORDERED.


Dated:  September 29, 2016
        Buffalo, New York


/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Court